IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROY FONTENOT, § | |
|   PLAINTIFF, § | |
| § | |
| v. § | Civ. A. No. 4:18-cv-2898 |
| § | |
| MEGAN J. BRENNAN, § | |
| POSTMASTER GENERAL., § | |
| UNITED STATES POSTAL § | |
| SERVICE § | |
|   DEFENDANTS. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**COMES NOW** Plaintiff Roy Fontenot ("Mr. Fontenot") who brings this action against Megan J. Brennan, Postmaster General, and United States Postal Service (collectively, "Defendants"). In doing so, Mr. Fontenot presents the following:

## NATURE OF ACTION

1. This is a civil action brought to remedy discrimination on the basis of race in the terms, conditions and privileges of employment, including the right to be equally protected under the law and other rights and liberties and for refusing or neglecting to prevent illegal deprivation and denial of equal rights as will be more fully specified below.

## JURISDICTION & VENUE

2. This Court has jurisdiction over this case pursuant to 28 U.S.C §§ 1331 (federal question) and 1343 (civil rights).

3. Venue in this Court is appropriate pursuant to 42 U.S.C § 12117 (a), 42 U. S. C. §2000E-5 (f) (3), and 28 U. S. C. §1391 because the employment practices involved in

this dispute occurred in Harris County, Texas. Thus, venue is proper in the Southern District of Texas.

4. This Court has personal jurisdiction over Defendants. Specifically, Defendants engaged in business in Harris County, Texas. Thus, Defendant has sufficient minimum contacts with Texas to establish both specific and general jurisdiction of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Mr. Fontenot has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this Court.

## PARTIES

6. Plaintiff is Roy J. Fontenot, who is a citizen of the United States of America and who, at all times material hereto, worked as a Supervisor Maintenance Operations for USPS at North Houston P&DC, 4600 Aldine Bender Road, Houston Texas 77315-9998. Complainant is African American.

7. The United States Postal Service ("USPS") is the world's largest postal organization headed by Megan J. Brennan, the 74th Postmaster General of the United States and the Chief Executive Officer.

## FACTUAL BACKGROUND

8. Mr. Fontenot is an African-American male who worked as the Supervisor of Maintenance Operations for USPS. At the time of the complained of acts, Mr. Fontenot held the grade level of EAS-17. Mr. Fontenot worked for his supervisor, Brian Morris, who is Caucasian. After working for Mr. Morris, Mr. Fontenot was subjected to experiences that led him to believe that Mr. Morris did not want to promote African-Americans and preferred to promote similarly situated employees who were outside of

2

Mr. Fontenot's protected class. Mr. Fontenot sought various experiences within USPS to accentuate his likelihood for upward mobility. However, when requests for particular jobs were made, he was not selected although qualified.

9. Mr. Fontenot found it particularly odd that he was not selected for a Field Manager position. Mr. Fontenot was qualified for the position, but Mr. Fontenot was a non-select and the selected employee was someone outside his protected class. Adding injury to insult, Mr. Fontenot trained the person who took the position.

10. After growing tired of the mistreatment by USPS. Mr. Fontenot filed a charge of discrimination with the EEO on or about August 19, 2014. The matter has progressed in accordance with the applicable rules and regulations and is now before this Honorable Court.

## CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

11. Complainant incorporates by reference all the factual allegations contained in this complaint. Complainant is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Complainant is African-American. USPS is an employer within the meaning of Title VII.

12. Title VII prohibits an employer from discrimination against any individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

13. On or about May 6, 2014, Mr. Fontenot was denied by his supervisor, the opportunity to work a detail assignment as Maintenance Manager in Beaumont, Texas due to his race.

14. Further, on or about July 29, 2014, Defendants discriminated against Complainant by denying his second request to receive Lean Six Sigma (LSS) training—preventing him

from opportunities of employment advancements.

15.     On or about August 11, 2014, Defendants discriminated against Mr. Fontenot by refusing to select him for the position of Field Maintenance Manager. Instead, Mark Curtis, a member outside of Mr. Fontenot's protected class was selected for the position.

16.     On or about September 4, 2014, Defendants discriminated against Mr. Fontenot by denying his request to go to Plant Operations on a detail assignment.

17.     Mr. Fontenot suffered actual damages and loss for which he herein sues.  Mr. Fontenot seeks un-liquidated damages within the jurisdictional limits of this court. Fontenot's injury resulted because of Defendants' discriminatory practice with malice or with reckless indifference to the federally protected rights of an aggrieved individual.

## VICARIOUS LIABILITY

18.     Defendants are vicariously liable for each claim mentioned herein.  Whenever in this petition it is alleged that Defendant committed any act of omission, it is meant that the Defendant and/or the Defendant's officers, directors, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of Defendant's officers, directors, agents, servants or employees.

## JURY DEMAND

19.     Fontenot requests a trial by jury on all claims.

## PRAYER

**WHEREFORE**, Mr. Fontenot respectfully requests Defendants to appear and answer herein, and that upon final hearing of this matter, the Court award the following against Defendants:

a) All actual damages due to him under the law, including but not limited to back pay, front pay and compensation for past, present and future lost benefits;

b) Damages for mental anguish;

c) Punitive damages;

d) Compensatory damages;

e) Reasonable attorney fees; and

f) All other relief the court deems appropriate.

**Respectfully submitted,**

**Nguyen & Kan**
**6260 Westpark Drive, Suite 265**
**Houston, Texas 77057**
**/s/ Don Nguyen_____**
**DON NGUYEN**
**Texas Bar No. 24092897**
**Federal Bar No. 2489493**
**Tel: (281) 940-4088**
**Fax: (832) 271-4299**
**don@nklaw.us**
**Attorney for Plaintiff**